IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN M. BEVERLY, *et al.*,

                              Plaintiffs,

                   v.                        Civil Action Number 3:07CV541

CHOICEPOINT INC., *et al.*,

                              Defendants.

## ORDER

This matter is before the Court on the defendants' motion to transfer venue of this action to the Charlotte Division of the United States District Court for the Western District of North Carolina. The Court has reviewed the defendants' motion to transfer and memorandum in support thereof and the plaintiffs' response in opposition to the motion. Accordingly, this matter is ripe for disposition.

Defendants assert that this matter should be transferred to the Charlotte Division of the Western District of North Carolina based on the convenience of the parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. § 1404(a). Defendants assert that venue is proper in the Charlotte Division of the Western District of North Carolina and that the factors that the Court must examine weigh in favor of transfer. The plaintiffs oppose a transfer to the Western District of North Carolina.

Pursuant to Title 28, United States Code, Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court finds, pursuant to Title 28, United States Code, Section 1391(b)(2), that venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," which in this matter is the Western District of North Carolina, Charlotte Division. A substantial part of the events or omissions giving



rise to the claim occurred in Charlotte. Pursuant to Title 28, United States Code, Section 113, Mecklenburg County, where Charlotte is located, is within the Western District of North Carolina. The Western District of North Carolina is divided into four divisions, and Charlotte is within the Charlotte Division.

The Court must next balance the public and private interests to determine whether they favor transfer to the Western District. Private interests include the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof. Plaintiff's choice of forum should be and is afforded substantial deference[1], although this is mitigated if "plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D.Va. 1992). In such case, "plaintiff's chosen venue is not entitled to such substantial weight." Id. The Richmond division is not a home forum for either named plaintiff in this case, and Richmond has no meaningful ties to the controversy and no particular interest in the parties or subject matter. With regard to the second factor, the defendants favors transfer to the Western District of North Carolina. The third factor – whether the claim arose elsewhere – weighs in favor of transferring venue since the operative facts and events from which plaintiffs' claims arose, which involve defendants' notice and reporting procedures, took place in Charlotte. The fourth and fifth factors – the convenience of parties and witnesses – also weigh in favor of transfer, although plaintiff Stephen Beverly finds Richmond more convenient. The sixth

---

[1] The Court notes that if plaintiffs seek and are granted class action certification, "courts often give less weight to the plaintiff's choice of forum in class actions." Byerson v. Equifax Info. Servs., 467 F. Supp. 2d 627, 631 (E.D. Va. 2006). In fact, "the named plaintiff's choice of forum is afforded little weight." Id. at 633.

factor – ease of access to sources of proof – weighs in favor of transfer since the sources of proof pertinent to plaintiffs' claims, including records and material witnesses, are located in Charlotte. The public interest must also be considered: the degree to which the courts are familiar with the governing law; the relative congestions of the two courts; and the local interest in deciding local controversies at home. The first and second factors are neutral, because both the Eastern District of Virginia and the Western District of North Carolina are equally competent to decide matters of federal law correctly and neither court's docket is particularly congested. The third factor – the local interest in having local controversies decided at home– is not implicated here, since this is not a particularly local controversy.

Pursuant to Section 1404(a), having considered all the various factors, including the public and private interests, the Court GRANTS the motion to transfer venue of this action to the Charlotte Division of the United States District Court for the Western District of North Carolina. This matter is TRANSFERRED to the Western District of North Carolina.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and to the Clerk, United States District Court for the Western District of North Carolina, Charlotte Division.

February 13, 2008
DATE

_____/s/_____
RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE

3