UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TYRONE HENDERSON, | ) | |
| CHARLES TAYLOR, | ) | |
| WILLIAM WILES, | ) | |
| on behalf of themselves and | ) | |
| all others similarly situated | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv589 (REP) |
| | ) | |
| ACXIOM RISK MITIGATION, INC., *et al.* | ) | |
| | ) | |
|     Defendants. | ) | |

**ANSWER OF  STERLING INFOSYSTEMS – OHIO, INC. TO
PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

STERLING INFOSYSTEMS-OHIO, INC. ("Sterling-OH"), formerly known as Acxiom

Information Security Services, Inc., by counsel, submits the following Answer to Plaintiffs'

Original Class Action Complaint ("Complaint").[1]

## INTRODUCTION

1.        The first and third sentences of Paragraph 1 of the Complaint contain a general

description of the lawsuit and Plaintiffs' counsels' interpretation of the law, to which no response

is required. Sterling-OH admits that, at certain times, it functions as a consumer reporting

---

[1]  Plaintiffs' Complaint improperly refers to three separate and distinct entities as a single entity -
- collectively as "Acxiom."  As a result of Plaintiffs' failure to differentiate the facts and
allegations relating to each of these three separate entities, it is unclear from the face of
Plaintiffs' Complaint which entity (or entities) Plaintiffs refer to in using the name "Acxiom."
Sterling-OH denies that the three Defendants named in this action are the same legal entity or
that they can be properly identified as the same (or a single) legal entity.  Sterling-OH's
responses herein are made specifically as to allegations against it individually.  To the extent the
allegations are made against other Defendants, all such allegations are denied unless expressly
admitted.

agency, and at certain times, it provides consumer reports to employers. Sterling-OH states that, with regard to this litigation, whether Sterling-OH is a consumer reporting agency under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681, *et seq.* is a legal conclusion to which no response is required. Sterling-OH denies any and all alleged violations of the FCRA by Sterling-OH. In further response, the allegations contained in Paragraph 1 improperly refer to three separate and distinct entities as a single entity -- collectively as "Acxiom." It is unclear which entity (or entities) Plaintiffs refer to in using the name "Acxiom." Sterling-OH denies that the three Defendants named in this action are the same legal entity or that they can be properly identified as the same (or a single) legal entity. To the extent that the allegations contained in Paragraph 1 and Plaintiffs' Complaint attempt to do so, Sterling-OH denies those allegations. Sterling-OH denies the remaining allegations contained in Paragraph 1 and demands strict proof thereof.

2.      In response to Paragraph 2, Sterling-OH admits that, at certain times, it functions as a consumer reporting agency and, at certain times, it provides consumer reports to employers. Sterling-OH denies the remaining allegations contained in Paragraph 2 as they relate to Sterling-OH and demands strict proof thereof. To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

3.      Sterling-OH admits that, at certain times, an in certain capacities, it functions as a consumer reporting agency, and at certain times, and in certain capacities, it provides consumer reports to employers. Sterling-OH maintains that it complies with the applicable provisions of the FCRA. Sterling-OH denies the remaining allegations contained in Paragraph 3 of the

Complaint as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

4.      In response to Paragraph 4, Sterling-OH admits that the FCRA governs certain employment background screening services provided by Sterling-OH during the applicable time period.  Sterling-OH denies any alleged violation of the FCRA by Sterling-OH.  Sterling-OH denies the remaining allegations contained in Paragraph 4 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Sterling-OH denies the allegations in Paragraph 5 and demands strict proof thereof.

6.      The allegations in Paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Sterling-OH denies the allegations in Paragraph 6 and demands strict proof thereof.  In further response, Sterling-OH maintains that the United States District Court for the Northern District of Ohio, Cleveland Division, is the proper venue for this action.

## PARTIES

7.      In response to Paragraph 7, Plaintiff Henderson's allegation that he is a "consumer" as that term is defined by the FCRA is a legal conclusion that requires no response. Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and therefore, denies those allegations and demands strict proof thereof.

8.      In response to Paragraph 8, Plaintiff Taylor's allegation that he is a "consumer" as that term is defined by the FCRA is a legal conclusion that requires no response. Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and therefore, denies those allegations and demands strict proof thereof.

9.      In response to Paragraph 9, Plaintiff Wiles' allegation that he is a "consumer" as that term is defined by the FCRA is a legal conclusion that requires no response.  Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore, denies those allegations and demands strict proof thereof.

10.     Upon information and belief, Sterling-OH admits that Defendant Acxiom Risk Mitigation, Inc. is a Colorado corporation.  Whether Acxiom Risk Mitigation, Inc. is a consumer reporting agency is a legal conclusion that requires no response from Sterling-OH.  Sterling-OH lacks knowledge or information sufficient to admit the remaining allegations contained in Paragraph 10, and therefore, denies those allegations and demands strict proof thereof.

11.     Sterling-OH admits that Acxiom Information Security Services, Inc. was an Arkansas corporation prior to its acquisition by Sterling InfoSystems, Inc., which is based in

New York.   Sterling-OH admits that, at certain times, it functions as a consumer reporting agency.   Sterling-OH states that whether it is a "consumer reporting agency" for purposes of this litigation is a legal conclusion to which no response is required.   Sterling-OH denies the remaining allegations contained in Paragraph 11 and demands strict proof thereof.

12.      Upon information and belief, Sterling-OH admits that Defendant Acxiom Corporation is a Delaware corporation.   Sterling-OH states that whether Acxiom Corporation is a "consumer reporting agency" is a legal conclusion to which no response is required from Sterling-OH.   Sterling-OH lacks knowledge or information sufficient to admit the remaining allegations contained in Paragraph 12, and therefore, denies those allegations and demands strict proof thereof.

## FACTUAL ALLEGATIONS

13.      Sterling-OH denies the allegations contained in Paragraph 13 of the Complaint as they relate to Sterling-OH.   To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

14.      The allegations contained in Paragraph 14 of the Complaint appear to reference a document.   To the extent that the allegations in Paragraph 14 vary from the contents of the document itself, they are denied as they relate to Sterling-OH.   Sterling-OH denies the remaining allegations, if any, contained in Paragraph 14 as they relate to Sterling-OH.   To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

15.     Sterling-OH admits that, at certain times, in certain capacities, it functions as a consumer reporting agency.  In that capacity, Sterling-OH denies any alleged violations of the FCRA.   Sterling-OH denies the remaining allegations contained in Paragraph 15 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

16.     The last sentenced of Paragraph 16 states a legal conclusion to which no response is required.  Sterling-OH admits that, at certain times, in certain capacities, it functions as a consumer reporting agency.  In that capacity, Sterling-OH denies any alleged violations of the FCRA.   Sterling-OH denies the remaining allegations contained in Paragraph 16 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

17.     Sterling–OH admits the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint state a choice of designation convention to which no response is required, but which is erroneous and violates Fed. R. Civ. P. 8, and to which Sterling-OH objects.  Plaintiffs' improperly refer to three separate and distinct entities as a single entity -- collectively as "Acxiom."  As a result, it is unclear which entity (or entities) Plaintiffs refer to in using the name "Acxiom."  Sterling-OH denies that the three Defendants named in this action are the same legal entity or that they can be properly identified as the same (or a single) legal entity.  To the extent that the allegations contained in

Plaintiffs' Complaint attempt to do so, Sterling-OH objects and denies those allegations as they relate to Sterling-OH.

19.     Sterling-OH admits that it processes a significant number of consumer reports on an annual basis.  To the extent that the allegations contained in Paragraph 19 are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.   Sterling-OH denies the remaining allegations, if any, contained in Paragraph 19 and demands strict proof thereof.

20.     Sterling-OH states that the contents of the consumer reports it processes vary by customer.   Further, information contained in consumer reports often contains information obtained from government sources and/or third-parties.   To the extent that the allegations contained in Paragraph 20 are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.   Sterling-OH denies the remaining allegations, if any, contained in Paragraph 20 and demands strict proof thereof.

21.     Sterling-OH admits that, at certain times, and in certain capacities, it functions as a consumer reporting agency.  The remaining allegations contained in Paragraph 21 state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 21 are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.   Sterling-OH denies the remaining allegations, if any, contained in Paragraph 21 and demands strict proof thereof.

22.     The allegations contained in Paragraph 22 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 22 are contrary to law they are denied.

23.     The allegations contained in Paragraph 23 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 23 are contrary to law they are denied.

24.     The allegations contained in Paragraph 24 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 24 are contrary to law they are denied.

25.     The allegations contained in Paragraph 25 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 25 are contrary to law they are denied.

26.     The allegations contained in Paragraph 26 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 26 are contrary to law they are denied.

27.     The allegations contained in Paragraph 27 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 27 are contrary to law they are denied.

28.     The allegations contained in Paragraph 28 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 28 are contrary to law they are denied.

29.     Sterling-OH denies the allegations contained in Paragraph 29 of the Complaint as they relate to Sterling-OH.

30.     Sterling-OH admits that it, at certain times, in certain capacities, it provides background reports to employers and potential employers.  Sterling-OH denies the remaining allegations contained in Paragraph 30 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

31.     The allegations contained in Paragraph 31 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 31 are contrary to law they are denied.

32.     Sterling-OH denies the allegations contained in Paragraph 32 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

33.     Sterling-OH denies the allegations contained in Paragraph 33 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

34.     Sterling-OH denies the allegations contained in Paragraph 34 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

35.     Sterling-OH denies the allegations contained in Paragraph 35 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other

parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

36.     The allegations contained in Paragraph 36 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 36 are contrary to law they are denied.

37.     Sterling-OH denies the allegations contained in Paragraph 37 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

38.     The allegations contained in Paragraph 38 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 38 are contrary to law they are denied.

39.     Sterling-OH denies the allegations contained in Paragraph 39 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

40.     The allegations contained in Paragraph 40 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 40 are contrary to law they are denied.

41.     The allegations contained in Paragraph 41 of the Complaint state legal conclusions to which no response is required.  To the extent that the allegations contained in Paragraph 41 are contrary to law they are denied.

42.     The allegations contained in Paragraph 42 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 42 are contrary to law they are denied.

43.     The allegations contained in Paragraph 43 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 43 are contrary to law they are denied.

44.     Sterling-OH denies the allegations contained in Paragraph 44 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

45.     Sterling-OH lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45, and therefore, denies those allegations and demands strict proof thereof.

46.     Sterling-OH admits that in 2009, Wal-Mart requested a background report regarding Plaintiff Henderson.  Upon information and belief, Sterling-OH understands that the request was made in connection with Plaintiff Henderson's application for employment. Sterling-OH denies the remaining allegations, if any, contained in Paragraph 46 as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

47.     Sterling-OH admits that it prepared a background report regarding Plaintiff Henderson in response to a request that it received from Wal-Mart.  Sterling-OH denies the remaining allegations contained in Paragraph 47 as phrased as they relate to Sterling-OH and

demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

48.     Sterling-OH denies the allegations contained in Paragraph 48 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

49.     Sterling-OH denies the allegations contained in Paragraph 49 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.  In further response, Sterling-OH states that Plaintiff Henderson's initial report contained records from Westmoreland County, Pennsylvania which Henderson challenged as not belonging to him.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

50.     Sterling-OH admits that the initial background report regarding Plaintiff Henderson contained records from Westmoreland County, Pennsylvania which Henderson challenged as not belonging to him.  Sterling-OH admits that it investigated Henderson's contentions and that an amended background report was prepared which did not contain the records from Westmoreland County, Pennsylvania.  Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, if any, and therefore, denies those allegations and demands strict proof thereof.

51.     Sterling-OH admits that on or about March 24, 2009, Plaintiff Henderson sent a letter to Sterling-OH disputing the accuracy of his background report.  Sterling-OH denies the remaining allegations contained in Paragraph 51 as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

52.     Sterling-OH denies the allegations contained in Paragraph 52 as they relate to Sterling-OH.   In further response, Sterling-OH states that, in 2009, it provided to Plaintiff Henderson a copy of his background report and his amended background report.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

53.     Sterling-OH is without sufficient information to admit or deny when, how, or what information Henderson contends that he learned.  Sterling-OH admits that, at certain times, in certain capacities, it functions as a consumer reporting agency.  In further response, Sterling-OH admits that the contents of the consumer reports it processes vary by customer.  Sterling-OH denies the allegations contained in Paragraph 53 as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

54.     Sterling-OH denies the allegations contained in Paragraph 54 of the Complaint as they relate to Sterling-OH.   To the extent that the allegations are directed to the conduct of other

parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

55.     Sterling-OH states that it complied with all applicable provisions of the FCRA. To the extent that the statements contained in Paragraph 55 allege otherwise, Sterling-OH denies those allegations as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

56.     Sterling-OH states that it complied with all applicable provisions of the FCRA. To the extent that the statements contained in Paragraph 56 allege otherwise, Sterling-OH denies those allegations as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

57.     Sterling-OH denies the allegations contained in Paragraph 57 as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

58.     Sterling–OH denies the allegations contained in Paragraph 58 as phrased, as they relate to Sterling-OH.  In further response, Sterling-OH states that given Plaintiffs' repeated failure to distinguish the three named Defendants for purposes of the Complaint, Sterling-OH is unable to provide further response to the statement contained in Paragraph 58.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or

information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

59.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore, denies those allegations and demands strict proof thereof.

60.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore, denies those allegations.

61.     In response to Paragraph 61, Sterling-OH admits that in October 2011 DistTech ordered a background report on Plaintiff Taylor.  Sterling-OH denies the remaining allegations, if any, contained in Paragraph 61 as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

62.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore denies those allegations as they relate to Sterling-OH.

63.     Sterling-OH denies the allegations contained in Paragraph 63 as they relate to Sterling-OH.

64.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint, and therefore denies them as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

65.     The allegations contained in Paragraph 65 of the Complaint refers to a letter sent to Plaintiff Taylor.  To the extent that the allegations in Paragraph 65 vary from the contents of the letter itself, they are denied as they relate to Sterling-OH.

66.     Sterling-OH denies the allegations contained in Paragraph 66 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.

67.     Sterling-OH admits that Plaintiff Taylor contacted Sterling-OH regarding his background report but did not wish to dispute the contents of the report.  Sterling-OH  denies the remaining allegations contained in Paragraph 67 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

68.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

69.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

70.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

71.     Sterling-OH lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

72.     Sterling-OH denies the allegations contained in Paragraph 72 as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

73.     Sterling-OH admits that it prepared a background report on Plaintiff Wiles. Sterling-OH denies the allegations contained in Paragraph 73 as they relate to Sterling-OH and demands strict proof thereof.

74.     Sterling-OH admits that it prepared a background report regarding Plaintiff Wiles. Sterling-OH admits that the background report contained information relating to Allegheny County, Pennsylvania.  Sterling-OH denies the allegations contained in Paragraph 74 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.

75.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore, denies those allegations as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

76.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore, denies those allegations as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the

allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

77.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore, denies those allegations.

78.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

79.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

80.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore, denies those allegations as they relate to Sterling-OH and demands strict proof thereof.  In further response, Sterling-OH admits that it uses technology as part of its general practices.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

81.     Sterling-OH admits that Plaintiff Wiles contacted Sterling-OH on or about August 26, 2010.  Sterling-OH admits that, after conducting an investigation, Plaintiff Wiles' dispute was assessed to be unsupported.  Sterling-OH denies the remaining allegations contained in Paragraph 81 and as they relate to Sterling-OH and demands strict proof thereof.

82.     Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and therefore, denies those allegations and demands strict proof thereof.

83.     Sterling-OH denies the allegations contained in Paragraph 83 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

84.     In response to Paragraph 84, Sterling-OH admits that it regularly acts through its agents and employees.  However, as a result of Plaintiffs' failure to differentiate the facts and allegations relating to each of these three separate entities, it is unclear from the face of Plaintiffs' Complaint which entity (or entities) Plaintiffs refer to in using the name "Acxiom." Sterling-OH denies that the three Defendants named in this action are the same legal entity or that they can be properly identified as the same (or a single) legal entity.  Therefore, Sterling-OH denies the allegations contained in Paragraph 84 of the Complaint as phrased, as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

85.     Sterling-OH denies the allegations contained in Paragraph 85 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

## COUNT I – VIOLATION OF 15 U.S.C. § 1681g(a)—The "1681g" Class

86.     In response to the allegations contained in Paragraph 86 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

87.     In response to Paragraph 87 of the Complaint, Sterling-OH admits that Plaintiff purports to bring this claim on behalf of a class.   Sterling-OH further admits that Plaintiff purports to define the class as stated in Paragraph 87.   Sterling-OH denies that this matter may be properly maintained against it as a class action.   Sterling-OH denies the remaining allegations contained in Paragraph 87 and demands strict proof thereof.

88.     Sterling-OH admits that Plaintiff claims that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.   This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.   Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action.   Sterling-OH denies the remaining allegations contained in Paragraph 88 of the Complaint and demands strict proof thereof.

89.     Sterling-OH admits that Plaintiff claims that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is present and satisfied.   This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.   Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action.   Sterling-OH denies the remaining allegations contained in Paragraph 89 of the Complaint and demands strict proof thereof.

90.     Sterling-OH admits that Plaintiff claims that the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.   This is a legal conclusion, which is not subject to

admission or denial and requires no response from Sterling-OH. Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 90 of the Complaint and demands strict proof thereof.

91.     Sterling-OH admits that Plaintiff claims that the adequacy requirement of Fed. R. Civ. P. 23(4) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH. Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 91 of the Complaint and demands strict proof thereof.

92.     Sterling-OH admits that Plaintiff claims that the superiority requirement of Fed. R. Civ. P. 23(b)(3) is present and satisfied. This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH. Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 92 of the Complaint and demands strict proof thereof.

93.     Sterling-OH denies the allegations contained in Paragraph 93 of the Complaint as they relate to Sterling-OH.

94.     Sterling-OH admits that, at certain times, in certain capacities, it operates as a consumer reporting agency. The remaining allegations in Paragraph 94 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 94 are contrary to law they are denied.

95.     Sterling-OH denies the allegations contained in Paragraph 95 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

96.     Sterling-OH denies the allegations contained in Paragraph 96 of the Complaint as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

97.     The allegations in Paragraph 97 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Sterling-OH denies the allegations contained in Paragraph 97 as they relate to Sterling-OH and demands strict proof thereof.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

98.     Sterling-OH denies the allegations contained in Paragraph 98 of the Complaint as they relate to Sterling-OH.

99.     Sterling-OH denies the allegations contained in Paragraph 99 of the Complaint as they relate to Sterling-OH.

100.    Sterling-OH denies the allegations contained in Paragraph 100 of the Complaint as they relate to Sterling-OH.

101.     Paragraph 101 of the Complaint does not call for a response from Sterling-OH. To the extent that a response is deemed to be required, Sterling-OH denies that any of Plaintiffs' various claims may be maintained against Sterling-OH as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 101, if any.

**COUNT II– VIOLATION OF 15 U.S.C. § 1681k—The "1681k" Class**

102.     In response to the allegations contained in Paragraph 102 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

103.     In response to Paragraph 103 of the Complaint, Sterling-OH admits that Plaintiffs purport to bring this claim on behalf of a class.  Sterling-OH further admits that Plaintiffs purport to define the class as stated in Paragraph 103.  Sterling-OH denies that this matter may be properly maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 103 and demands strict proof thereof.

104.     Sterling-OH admits that Plaintiffs claim that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 104 of the Complaint and demands strict proof thereof.

105.     Sterling-OH admits that Plaintiffs claim that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 105 of the Complaint and demands strict proof thereof.

106.    Sterling-OH admits that Plaintiffs claim that the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 106 of the Complaint and demands strict proof thereof.

107.    Sterling-OH admits that Plaintiffs claim that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 107 of the Complaint and demands strict proof thereof.

108.    Sterling-OH admits that Plaintiffs claim that the superiority requirement of Fed. R. Civ. P. 23(b)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against Sterling-OH  as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 108 of the Complaint and demands strict proof thereof.

109.    Sterling-OH denies the allegations contained in Paragraph 109 of the Complaint as they relate to Sterling-OH.

110.    The allegations contained in Paragraph 110 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Sterling-OH denies that it violated any applicable provisions of the FCRA with regard to the allegations in this action.  Sterling-OH denies the remaining allegations, if any, contained in Paragraph 110 of the Complaint as they relate to Sterling-OH.  To the extent that the

allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

111.     The allegations contained in Paragraph 111 of the Complaint state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Sterling-OH denies that it violated any applicable provisions of the FCRA with regard to the allegations in this action.  Sterling-OH denies the remaining allegations, if any, contained in Paragraph 111 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

112.     Sterling-OH denies the allegations contained in Paragraph 112 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

113.     Sterling-OH denies the allegations contained in Paragraph 113 of the Complaint as they relate to Sterling-OH.

114.     Sterling--OH denies the allegations contained in Paragraph 114 of the Complaint as they relate to Sterling-OH.

115.     Sterling-OH denies the allegations contained in Paragraph 115 of the Complaint as they relate to Sterling-OH.

116.     Paragraph 116 of the Complaint does not call for a response from Sterling-OH. To the extent that a response is deemed to be required, Sterling-OH denies that any of Plaintiffs' various claims may be maintained against Sterling-OH as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 116, if any.

### COUNT III– VIOLATION OF 15 U.S.C. § 1681b(b)(3)—The "1681b" Class

117.     In response to the allegations contained in Paragraph 117 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

118.     In response to Paragraph 118 of the Complaint, Sterling-OH admits that Plaintiff purports to bring this claim on behalf of a class.   Sterling-OH further admits that Plaintiff purports to define the class as stated in Paragraph 118.  Sterling-OH denies that this matter may be properly maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 118 and demands strict proof thereof.

119.     Sterling-OH admits that Plaintiff claims that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 119 of the Complaint and demands strict proof thereof.

120.     Sterling-OH admits that Plaintiff claims that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action.  Sterling-OH denies the

remaining allegations contained in Paragraph 120 of the Complaint and demands strict proof thereof.

121.    Sterling-OH admits that Plaintiff claims that the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 121 of the Complaint and demands strict proof thereof.

122.    Sterling-OH admits that Plaintiff claims that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 122 of the Complaint and demands strict proof thereof.

123.    Sterling-OH admits that Plaintiff claims that the superiority requirement of Fed. R. Civ. P. 23(b)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against Sterling-OH as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 123 of the Complaint and demands strict proof thereof.

124.    Sterling-OH denies the allegations contained in Paragraph 124 of the Complaint as they relate to Sterling-OH.

125.    The allegations contained in Paragraph 125 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 125 are contrary to law they are denied.

126.    The allegations contained in Paragraph 126 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 126 are contrary to law they are denied.

127.    The allegations contained in Paragraph 127 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 127 are contrary to law they are denied.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

128.    Sterling-OH denies the allegations contained in Paragraph 128 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

129.    Sterling-OH denies the allegations contained in Paragraph 129 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

130.    Sterling-OH denies the allegations contained in Paragraph 130 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the

truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

131.     Sterling-OH denies the allegations contained in Paragraph 131 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

132.     Sterling-OH denies the allegations contained in Paragraph 132 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

133.     Sterling-OH denies the allegations contained in Paragraph 133 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

134.     Sterling-OH denies the allegations contained in Paragraph 134 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

135.   Paragraph 135 of the Complaint does not call for a response from Sterling-OH. Sterling-OH denies that it violated any applicable provision of the FCRA and denies that this action may be maintained against Sterling-OH as a class action.

136.   Paragraph 136 of the Complaint does not call for a response from Sterling-OH. Sterling-OH denies that it violated any applicable provision of the FCRA and denies that this action may be properly maintained against it as a class action.

137.   Paragraph 137 of the Complaint does not call for a response from Sterling-OH. To the extent that a response is deemed to be required, Sterling-OH denies that any of Plaintiffs' various claims may be maintained against Sterling-OH as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 137, if any.

### COUNT IV– VIOLATION OF 15 U.S.C. § 1681i—The "Reinvestigation" Class

138.   In response to the allegations contained in Paragraph 138 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

139.   In response to allegations contained in Paragraph 139 of the Complaint, Sterling-OH admits that Plaintiffs purport to bring this claim on behalf of a class.  Sterling-OH further admits that Plaintiffs purport to define the class as stated in Paragraph 139.  Sterling-OH denies that this matter may be properly maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 139 and demands strict proof thereof.

140.   Sterling-OH admits that Plaintiffs claim that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this

matter may properly be maintained against it as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 140 of the Complaint and demands strict proof thereof.

141.     Sterling-OH admits that Plaintiffs claim that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 141 of the Complaint and demands strict proof thereof.

142.     Sterling-OH admits that Plaintiffs claim that the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 142 of the Complaint and demands strict proof thereof.

143.     Sterling-OH admits that Plaintiffs claim that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 143 of the Complaint and demands strict proof thereof.

144.     Sterling-OH admits that Plaintiffs claim that the superiority requirement of Fed. R. Civ. P. 23(b)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 144 of the Complaint and demands strict proof thereof.

145.     Sterling-OH denies the allegations contained in Paragraph 145 of the Complaint as they relate to Sterling-OH.

146.     The allegations contained in Paragraph 146 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 146 are contrary to law they are denied.

147.     Sterling-OH denies the allegations contained in Paragraph 147 of the Complaint as they relate to Sterling-OH. To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

148.     Sterling-OH denies the allegations contained in Paragraph 148 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

149.     Sterling-OH denies the allegations contained in Paragraph 149 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

150.     Sterling-OH denies the allegations contained in Paragraph 150 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the

truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

151.    Sterling-OH denies the allegations contained in Paragraph 151 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

152.    Paragraph 152 of the Complaint does not call for a response from Sterling-OH. To the extent that a response is deemed to be required, Sterling-OH denies that any of Plaintiffs' various claims may be maintained against Sterling-OH as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 152, if any.

**COUNT V– VIOLATION OF 15 U.S.C. § 1681b(a)—The "Impermissible Pull" Class**

153.    In response to the allegations contained in Paragraph 153 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

154.    In response to allegations contained in Paragraph 154 of the Complaint, Sterling-OH admits that Plaintiff purports to bring this claim on behalf of a class.  Sterling-OH further admits that Plaintiff purports to define the class as stated in Paragraph 154.  Sterling-OH denies that this matter may be properly maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 154 and demands strict proof thereof.

155.    Sterling-OH admits that Plaintiff claims that the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this

matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained of Paragraph 155 of the Complaint and demands strict proof thereof.

156.    Sterling-OH admits that Plaintiff claims that the commonality requirement of Fed. R. Civ. P. 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 156 of the Complaint and demands strict proof thereof.

157.    Sterling-OH admits that Plaintiff claims that the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 157 of the Complaint and demands strict proof thereof.

158.    Sterling-OH admits that Plaintiff claims that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action.  Sterling-OH denies the remaining allegations contained in Paragraph 158 of the Complaint and demands strict proof thereof.

159.    Sterling-OH admits that Plaintiff claims that the superiority requirement of 23(b)(3) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial and requires no response from Sterling-OH.  Sterling-OH denies that this matter may properly be maintained against it as a class action. Sterling-OH denies the remaining allegations contained in Paragraph 159 of the Complaint and demands strict proof thereof.

160.    Sterling-OH denies the allegations contained in Paragraph 160 of the Complaint as they relate to Sterling-OH.

161.    Sterling-OH denies the allegations contained in Paragraph 161 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

162.    Sterling-OH denies the allegations contained in Paragraph 162 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

163.    Sterling-OH denies the allegations contained in Paragraph 163 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

164.    Sterling-OH denies the allegations contained in Paragraph 164 of the Complaint as they relate to Sterling-OH.

165.    Sterling-OH denies the allegations contained in Paragraph 165 of the Complaint as they relate to Sterling-OH.

## COUNT VI – VIOLATION OF 15 U.S.C. § 1681e(b)— ## Individual Claims of Named Plaintiffs

166.    In response to the allegations contained in Paragraph 166 of the Complaint, Sterling-OH incorporates and re-asserts the responses of the foregoing paragraphs as if fully stated herein.

167.    Sterling-OH denies the allegations contained in Paragraph 167 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

168.    Sterling-OH denies the allegations contained in Paragraph 168 of the Complaint as they relate to Sterling-OH.

169.    Sterling-OH denies the allegations contained in Paragraph 169 of the Complaint as they relate to Sterling-OH.  To the extent that the allegations are directed to the conduct of other parties, Sterling-OH lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore, denies those allegations and demands strict proof thereof.

170.    Sterling-OH denies the allegations contained in Paragraph 170 of the Complaint as they relate to Sterling-OH.

171.    Sterling-OH denies all allegations contained in the Complaint including, without limitation, allegations contained in the captions, headings and Plaintiffs' "WHEREFORE" clause on page 33, that are not specifically and expressly admitted to herein.

172.    Sterling-OH reserves the right to amend and/or supplement its Answer, including to raise additional affirmative defenses, as this litigation develops.

173.    Sterling-OH denies any and all allegations not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

174.    Plaintiffs' Complaint fails to state a viable cause of action against Sterling-OH upon which the relief requested may be granted.

175.    Plaintiffs' claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Sterling-OH, and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

176.    Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Sterling-OH continues to deny, were the result of acts or omissions of third persons over whom Sterling-OH had neither control nor responsibility.

177.    Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

178.    Plaintiffs' claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.

179.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

180.    This action may not properly proceed as a class action under Fed. R. Civ. P. 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs are unable to fairly and adequately protect

the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

181.    Plaintiffs cannot recover from Sterling-OH as a class action to the extent such class recovery would deprive Sterling-OH of its due process rights to assert individualized defenses to claims of class members.

182.    Plaintiffs cannot recover from Sterling-OH individually or as a class action for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.  Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

183.    Plaintiffs have not sufficiently alleged (nor can they prove) that Sterling-OH willfully violated the Fair Credit Reporting Act.

184.    Plaintiffs cannot recover from Sterling-OH under the Complaint to the extent that they have not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

185.    The Complaint is barred, in whole or in part, to the extent that Plaintiffs and the putative class members lack standing.

186.    Plaintiffs cannot recover against Sterling-OH for a claim of negligent violation of the Fair Credit Reporting Act to the extent that they cannot maintain a claim for actual or punitive damages.

187.    Plaintiffs' Complaint fails to the extent that it is barred by the applicable statute of limitations.

188.    Sterling-OH denies that it violated any provisions of the Fair Credit Reporting Act as alleged in Plaintiffs' Complaint.

189.    The claims of Plaintiffs and/or the putative class may be barred or limited because they authorized all actions taken by Sterling-OH.

190.    To the extent that a violation of the Fair Credit Reporting Act is established, any such violation was not willful, and/or occurred despite the maintenance of reasonable policies and procedures to avoid such violations.

191.    The Complaint should be dismissed for improper venue, or in the alternative, venue of this matter should be transferred to the United States District Court for the Northern District of Ohio, Cleveland Division.

192.    Sterling-OH reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, for the foregoing reasons, Defendant Sterling-OH requests that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding Sterling-OH its costs and expenses incurred herein; and (3) awarding Sterling-OH such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STERLING INFOSYSTEMS-OHIO, INC.,
Formerly known as Acxiom Information Security
Services, Inc.

_____/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile:  (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

***Counsel for Sterling InfoSystems-Ohio, Inc.***
***formerly known as Acxiom Information Security Services, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October 2012, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

Leonard A. Bennett, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@cox.net

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
dale@pittmanlawoffice.com

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
CADDELL & CHAPMAN
1331 Lamar St, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906
ccm@caddellchapman.com
mac@caddellchapman.com

Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
matt@clalegal.com

James A. Francis, Esq.
David A. Searles, Esq.
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
dsearles@consumerlawfirm.com
jfrancis@consumerlawfirm.com

***Counsel for Plaintiffs***

_____/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile:  (804) 916-7259
Charles.Seyfarth@leclairryan.com

**_Counsel for Sterling InfoSystems-Ohio, Inc._**
**_formerly known as Acxiom Information Security_**
**_Services, Inc._**