IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
CHARLES TAYLOR, and
WILLIAM WILES,

    Plaintiffs,

v.                                                  Civil Action No. 3:12cv589 (REP)

ACXIOM RISK MITIGATION, INC., *et al.*

Defendants.

# EXHIBIT 2

# TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TYRONE HENDERSON,**
**CHARLES TAYLOR, and**
**WILLIAM WILES,**

    **Plaintiffs,**

v.                                              Civil Action No. 3:12cv589 (REP)

**ACXIOM RISK MITIGATION, INC.,** *et al.*

    **Defendants.**

### DECLARATION OF CHARLES TAYLOR IN SUPPORT OF PLAINTIFFS' OPPOSITION TO JOINT MOTION TO TRANSFER VENUE

I, Charles Taylor, hereby declare as follows:

    1.    My name is Charles Taylor, and I make this declaration in Richmond, Virginia. The statements that follow are all made of my personal knowledge.

    2.    I am a named Plaintiff in the above captioned class action. In this action, I have asserted both claims for statutory damages on behalf of myself and similarly situated individuals, as well as my own individual claim for actual damages, all arising out of the Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

    3.    At the time of the filing of this matter I resided at 2913 Bufflehead Ct., Henrico, Virginia, 23231 where I continue to reside today. I have lived in the Richmond, Virginia area since 1991.

    4.    I am currently employed by Bean Brothers hauling mail for the U.S. Postal Service. I have been so employed for the past six years based out of the Richmond, Virginia area.

5. After being fully informed of my potential duties as a class representative by my counsel, I consented to be a named Plaintiff in this civil action.

6. With regard to my individual damages, my wife, Beverly Taylor, has personal knowledge concerning my subsequent attempts to obtain employment, the wages that I lost as a result of my not obtaining employment due to inaccurate and incomplete information in my consumer report. She has witnessed firsthand my frustration, anguish and embarrassment as I attempted to resolve the inaccuracies in my consumer report and I attempted to obtain employment as a truck driver in the face of those inaccuracies.

7. Other witnesses located in the Richmond, Virginia area have information relevant to either the class claims or my individual claims, and who I may need to call as a witness in this matter, include Ray Mason, Charles Ingrahm and Randy Hall. They are aware of my attempt to obtain employment with Distek and the reason why I was rejected and the error reported by Acxiom in my consumer report.

8. I have never been to or had any contacts with the State of Ohio pertaining to my claim against the Defendants for their FCRA violations, with the possible exception of communicating with one or more of the Defendants by means of a toll-free number or at an address that may have been provided by them or by my employer. Even in those instances, the communications were either initiated by me in Virginia or received by me in Virginia.

9. All of the requests made by me to Defendants for information contained in my consumer file were initiated by me in Virginia.

10. All of my attempts to dispute the accuracy and completeness of the information in my consumer report were initiated by me in Virginia.

11. To the extent that the Defendants may seek to present evidence concerning the maintenance of strict procedures in defense of my claim for statutory damages under 15 U.S.C. § 1681k(a)(1), any such evidence (and the evidence to rebut the same) would be directed toward proving that the defendants did (or did not) consult the original source of the derogatory public record contained within my consumer report immediately before the consumer report was furnished to Greyhound and, I believe, GRTC. All of the derogatory public record information in my report pertains to records maintained in the Commonwealth of Virginia. Accordingly, whether the Defendants consulted the original source of the derogatory public record information would entail the testimony of persons who are likely residents of Virginia or at least present in Virginia when consulting the original records.

12. I want my case to remain here where I filed it and to be tried by a jury of my peers, Virginians selected from a local jury pool.

13. I do not know of and do not believe there are any persons in Ohio who would be knowledgeable of or witnesses with respect to what I have been through during this ordeal concerning my consumer file maintained by Defendants and my consumer report furnished by them to my prospective employer,

14. It would be an enormous and prohibitive financial burden for me to have to travel to Ohio and to remain there for the duration of the trial of my case.

15. The financial burden would be even greater due to the necessity of my having to incur the cost of my wife and others to travel to Ohio to provide in-person, corroborating testimony of the mental anguish and emotional distress caused by the Defendants' FCRA violations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 8th day of November 2012.

_____
Charles Taylor

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 8th day of November 2012.

_____
Charles Taylor