

**DRAFT**
**April 7, 2015**

*A FEDERAL COURT ORDERED THIS NOTICE.  THIS IS NOT ~~A LAWYER~~.*

<u>NOTICE OF CLASS ACTION SET~~TLEMENT~~</u>

**IF YOU CONTACTED ACXIOM INFORMATION SECURI~~TY~~ ~~STE~~RLING INFOSYSTEMS-OHIO, INC. TO DISPUTE INFORMATION ~~IN A~~ ~~R~~EPORT BETWEEN AUGUST 16, 2007 AND MAY 1, 2013 YOU MAY B~~E ENTITLED~~ T OF AT LEAST $ 11.75 AND NO MORE THAN $1,485.00 FROM A ~~CLASS ACTION SETTLEMENT~~.**

A settlement has been proposed in a class action lawsuit against Acxiom Risk Mitigation, Inc., Sterling Infosystems-Ohio, Inc. (formerly Acxiom Information Security Services, Inc.), and Acxiom Corporation (collectively referred to as "Defendants"), brought under the federal Fair Credit Reporting Act ("FCRA") on behalf of consumers who, on or after August 16, 2007, but on or before May 1, 2013, were the subject of an employment background report issued by Acxiom Information Security Services, Inc. ("AISS") or Sterling Infosystems-Ohio, Inc. ("Sterling-OH").  Acxiom Corporation was the parent company of AISS, and Acxiom Risk Mitigation, Inc. was the sister company of AISS, before Acxiom Corporation sold AISS to Sterling Infosystems on February 1, 2012.  Your legal rights will be affected by the settlement of this lawsuit.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| DO NOTHING | You will give up certain potential rights and benefits if you do nothing. If the Court approves the Settlement and you do nothing, you will release your individual claims against the Defendants. You will be precluded from bringing or participating in any lawsuit against Defendants related to the claims detailed below.  If the Court approves the settlement, a check will be mailed to you. |
| MAKE A CLAIM FOR ACTUAL DAMAGES | If you submit a claim form for your actual damages and that claim is determined to be valid and the settlement is approved, you will receive a cash payment. |
| EXCLUDE YOURSELF | You remove yourself from participation in this class action and do not receive a benefit from this settlement.  However, you retain any right to file a separate individual (non-class) lawsuit against any of the Defendants. If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the FCRA. |
| OBJECT | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate.  If you do not exclude yourself from the settlement, however, you will remain in the class. |

1. **WHAT IS THIS LAWSUIT ABOUT?**

A class action lawsuit ("Lawsuit") against Defendants has been filed in the United States District Court for the Eastern District of Virginia under the style of *Henderson v. Acxiom Risk Mitigation, Inc., et al.*, Civil Action No. 3:12cv589. The persons who sued on behalf of the class are called the "Plaintiffs," and the companies sued are called the "Defendants."  The Lawsuit alleges that certain policies and practices of Defendants in connection with employment background reports prepared by AISS or Sterling-OH were in violation of the FCRA. Specifically, the Lawsuit contends that Defendants violated the FCRA by: (1) failing to provide consumers with notice that they were furnishing an employment-purposed consumer report "at the time" they were doing so; (2) failing to follow proper procedures for resolving consumer disputes; and (3) failing to have a permissible purpose for issuing certain consumer reports to employers and vendors of Allstate Corporation.  Defendants have denied all charges and allegations of wrongdoing and contend that they acted lawfully and in compliance with the FCRA at all times.  The Court has never made a determination that Defendants violated the FCRA.

2. **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

You are a member of the Dispute Settlement Sub-Class and are affected by the settlement because you filed a dispute with AISS or Sterling-OH claiming that information in your background report or file was inaccurate or

[Comment 4/6/15 12:54 PM — Deleted: INSERT TOLL FREE TELEPHONE NUMBER AND WEBSITE AT FOOTER]

Toll Free: (800) 323-52167; www.armclassaction.com

incomplete. For purposes of settlement only, the Court has certified a "Settlement Class" defined as follows, of which you have been identified as a member of one of these categories:

> The "Settlement Class" means all consumers for whom AISS or Sterling-OH issued a consumer report from August 16, 2007 through May 1, 2013: (a) that was requested by an employer or prospective employer for employment purposes and included public record information that could potentially have an adverse effect upon a consumer's ability to obtain employment; or, (b) that the consumer disputed to AISS or Sterling-OH; or, (c) that was requested by an employer or prospective employer that was or sought to become a vendor for Allstate Corporation.

With respect to subparagraph (b) above, the Court has also provisionally certified a Dispute Settlement Sub-Class defined as follows, of which you have also been identified as a member:

> The "Dispute Settlement Sub-Class" (also known as the "Actual Damages Claims Settlement Class") means all consumers who are members of the Settlement Class and who also submitted a dispute to AISS or Sterling-OH from August 16, 2007 through May 1, 2013.

3. **WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to pay $20.8 million into a Settlement Fund for the benefit of the Settlement Class. The Settlement Fund will be broken down into two sub-funds: a common fund and an actual damages fund with *per capita* distributions to be made from each fund under the process set forth below. First, after the requested attorneys' fees and agreed-upon administration expenses are deducted, a common fund in the amount of $13,265,691.25 or more will be created for the payment of statutory damages to all class members. Second, the Parties will create a separate fund in the amount of $546,369.75 for the payment of actual damages to certain members of the Dispute Settlement Sub-Class who submit a valid claim, as described herein.

Payments will be made by check to each class member in the following approximate amounts:

A. If you do nothing and do not submit a claim, you will receive a payment from the common fund. Because AISS issued your background report on or after August 16, 2007 but before August 16, 2010 – you will receive a payment of approximately $11.75. If AISS or Sterling-OH issued your background report on or after August 16, 2010 but on or before May 1, 2013 – you will receive a payment of approximately $35.25.

B. Alternatively, if you believe that you were actually damaged by inaccurate or incomplete information in a background report prepared by AISS or Sterling-OH or the handling of a dispute about your background report, and you submit a valid claim, then you will receive a *per capita* share of the actual damages fund in lieu of any payment from the common fund. The Parties estimate that if 10% of all Dispute Settlement Sub-Class Members submitted valid claims, each person who submitted a valid claim would receive an actual damages payment in an approximate amount of $1,485.00.

4. **WHAT DO I DO IF I WANT TO SUBMIT A CLAIM FOR ACTUAL DAMAGES?**

There are approximately 21,537 Dispute Settlement Sub-Class Members, including you. Each of these consumers is permitted to submit a claim for actual damages. **READ THE FOLLOWING VERY CAREFULLY. If you believe that you have incurred actual damages because of a background report prepared by AISS or Sterling-OH or the handling of your dispute, you need to submit a claim form no later than fourteen (14) days following Final Approval of the Settlement. You may obtain assistance at www.armclassaction.com or by calling the Settlement Administrator at (800) 323-5267.** In order to submit a claim, you need to follow the instructions on the "Claim Form" attached at the end of this notice. You may submit a claim in either of two ways:

1) Register for a claim at **www.armclassaction.com**; or
2) Return a completed Claim Form to the Settlement Administrator, by mail, to the address stated in the form.

Margin comments:
- 4/6/15 1:04 PM Deleted: [AS APPLICABLE]
- 4/6/15 1:04 PM Deleted: [AS APPLICABLE]
- 4/6/15 12:49 PM Deleted: INSERT TOLL FREE TELEPHONE NUMBER AND WEBSITE AT FOOTER

The Claim Form requires that you provide some basic information: your name, current postal address, current telephone number, date of birth, Social Security number, and a brief, sworn statement describing the basis for the claim of actual damages. *All of this information will be kept confidential.*

Claim Forms, whether submitted electronically via the Settlement Website or by U.S. Mail, that do not meet the requirements as set forth in this Settlement Agreement and in the registration form instructions will be rejected. The Settlement Administrator shall have the authority to determine whether a claim made by any Actual Damages Claims Settlement Class Member is a Valid Claim. The Settlement Administrator's determinations in this regard shall be final and non-appealable unless Defendants' Counsel or Class Counsel disagree or the class member wishes to further appeal such determinations, in which case the determination shall be made by United States District Court Magistrate Judge David Novak. If your Actual Damages Claim is determined to be invalid, you will receive a payment from the common fund.

5. **HOW MUCH MONEY WILL I RECEIVE IF I SUBMIT A VALID CLAIM?**

The money paid to each person who submits a valid damage claim depends on several things. First, the portion of the Settlement Fund created by Defendants that will be available to pay such claims is estimated to be no less than the amount of $546,369.75 Second, this fund will then be increased by the amount of all checks disbursed to the Settlement Class Members pursuant to the separate terms of settlement for the Settlement Class that remain uncashed more than sixty (60) days after mailing. Finally, the payment to each Actual Damages Claims Settlement Class Member who is determined to have a Valid Claim shall be made *per capita* based on the number of Valid Claims and the amount of the Actual Damages Claims Settlement Fund remaining. Notwithstanding the foregoing, individual payments to Actual Damages Claims Settlement Class Members will not exceed five thousand dollars ($5,000.00).

6. **WHAT HAPPENS IF I DO NOTHING?**

You do not need to do anything to receive the benefits of the settlement. If the settlement is finally approved and you take no action, you will automatically receive a payment from the common fund. The check will be mailed to the address appearing in Defendants' records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed in Section 15 below.

7. **WHEN WOULD I GET MY SETTLEMENT CHECK?**

The Court will hold a Final Fairness Hearing on **June 25, 2015** to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time. The progress of the settlement will be reported at the website **www.armclassaction.com.** Please be patient.

8. **WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?**

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot be part of any other lawsuit against any of the Defendants (or other parties released by the settlement) about the legal claims in this case and legal claims that could have been brought in this case, including (without limitation) under the FCRA or any state law equivalents, with the sole exception of claims of inaccuracy under 15 U.S.C. § 1681e(b) or state law equivalents to 15 U.S.C. § 1681e(b). It also means that all of the Court's orders will legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," which describes exactly the legal claims that you give up if you get settlement benefits. A copy of the "Release" contained in the Settlement Agreement can be located at the website **www.armclassaction.com**:

9. **HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendants on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. You may "opt-out" or exclude yourself as explained below. You cannot opt-out of the Settlement

> 4/6/15 12:49 PM
> **Deleted:** INSERT TOLL FREE TELEPHONE NUMBER AND WEBSITE AT FOOTER

Class as a group or in conjunction with other individuals.  REQUESTS FOR EXCLUSION MUST BE RECEIVED ON OR BEFORE **May 26, 2015**.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Henderson* case.  To be valid, you must personally sign the request for opt-out exclusion, and it must include: (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) a sentence stating that you are in a Settlement Class; and (iii) the following statement: "I request to be excluded from the class settlement in *Tyrone Henderson, et al.* United States District Court, Eastern District of Virginia, Case No. 3:12-cv-589-REP."  You must mail your Exclusion Request so that it is received no later than **May 26, 2015**, to:

<div align="center">
Henderson v. Acxiom Risk Mitigation<br>
Exclusion Request<br>
c/o American Legal Claim Services LLC<br>
P.O. Box 26348<br>
Jacksonville, FL  32241-3648
</div>

**10. IF I DO NOT EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?**
No. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action in order to continue your own lawsuit.

**11. IF I EXCLUDE MYSELF, CAN I GET ANY PAYMENT FROM THIS SETTLEMENT?**
No.

**12. DO I HAVE A LAWYER IN THE CASE?**
The Class Representatives retained Leonard A. Bennett, Matthew J. Erausquin, and Susan M. Rotkis, Consumer Litigation Associates, P.C.; Dale W. Pittman; James A. Francis and David A. Searles, Francis & Mailman, P.C.; and Michael A. Caddell and Cynthia Chapman, Caddell & Chapman. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and other Class Members. Together, the lawyers are called Class Counsel.

**13. HOW WILL THE LAWYERS BE PAID?**
Class Counsel will ask the Court for an award from the Settlement Fund of their attorneys' fees and costs, which the Defendants have agreed to pay, with Class Counsel requesting a percentage of 30% of the Settlement Fund. However, the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse the costs and expenses they and the Class Representatives have incurred in litigating this matter. The Defendants have paid for the costs of this notice to you and the costs of administering the Settlement Fund.

**14. ARE THE CLASS REPRESENTATIVES ENTITLED TO A SEPARATE PAYMENT?**
Class Counsel will ask the Court to approve a payment to each of the named Plaintiffs of an amount not to exceed $5,000.00 for their efforts in prosecuting this case. However, the Court may award less than these amounts.

**15. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?**
If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. All objections must include: (1) your name, address and telephone number; (2) a sentence stating that to the best of your knowledge you are a member of one or more of the Settlement Classes; (3) the factual basis and legal grounds for the objection to the Settlement; (4) the identity of witnesses whom you may call to testify at the Final Fairness Hearing; and, (5) copies of any exhibits you may seek to offer into evidence at the Final Fairness Hearing.  The written objection must indicate whether you and/or your lawyer(s) intend to appear at the Final Fairness Hearing.  Any lawyer who intends to appear at the Final Fairness Hearing on your behalf must also enter a


written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing. These materials must be filed with the Court no later than **May 26, 2015** and mailed to the Settlement Administrator and Counsel at the following addresses so that they are received no later than **May 26, 2015**.

| | |
|---|---|
| David N. Anthony<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point<br>Richmond, VA 23219<br>Telephone: (804) 697-1200<br>Facsimile: (804) 698-1339<br>david.anthony@troutmansanders.com | Charles K. Seyfarth<br>LECLAIR RYAN PC<br>Riverfront Plaza - East Tower<br>951 E Byrd Street – 8th Floor<br>Richmond, VA 23219<br>Telephone: (804) 916-7159<br>Facsimile: (804) 916-7259<br>charles.seyfarth@leclairryan.com |
| Michael A. Caddell<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010<br>Telephone: (713) 751-0400<br>Facsimile: (713) 751-0906<br>mac@caddellchapman.com | Henderson v. Acxiom Risk Mitigation, Inc.<br>Settlement Objection<br>c/o American Legal Claim Services, LLC<br>P.O. Box 23648<br>Jacksonville, FL 32241-3648 |

In addition, any Settlement Class Member who is represented by counsel for the purpose of objecting to the settlement shall provide a list—including the full style and case number—of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. Such an objecting Settlement Class Member must also attach to his or her objection copies of any objections submitted in any court in the United States in the previous five years. If such an objecting Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she, or it shall affirmatively so state in the objection.

Objections that do not comply with these requirements will not be considered by the Court, may be deemed waived, and the failure to comply may deprive objectors of standing to appeal any decisions relating to the settlement.

**16. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**
Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you cannot object to this settlement.

**17. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?**
The Court will hold a Final Fairness Hearing on **REQUEST FOR IMMEDIATE TELEPHONIC STATUS CONFERENCE**June 25, 2015, at 1:30 p.m., in Courtroom 7400 of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, Virginia, 23219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak. The Court may also decide the amount that Class Counsel and Class Representatives shall be paid. At or after the hearing, the Court will decide whether to finally approve the settlement.

**18. DO I HAVE TO COME TO THE HEARING?**
No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it.

**19. MAY I SPEAK AT THE HEARING?**

5

**Toll Free: (800) 323-5267; www.armclassaction.com**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Henderson v. Acxiom Risk Mitigation, Inc., et al.* case." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be sent to the Settlement Administrator at the address previously provided in section 15, and must be received by **May 26,** **2015**. You cannot speak at the hearing if you have excluded yourself.

**20. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**
This notice summarizes the proposed settlement. More details can be found at **www._____.com**, which includes the Complaint, Settlement Agreement, and other governing settlement documents.

**21. HOW DO I GET MORE INFORMATION?**
You can visit the website at **www.armclassaction.com**. If you have questions about the case, you can call toll free [**(800) 323-5267**], or write to the Class Counsel, Leonard A. Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1A, Newport News, VA 23606.

> 4/6/15 12:51 PM
> **Deleted:** phone number

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS, OR THE DEFENDANTS' COUNSEL. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

> 4/6/15 12:49 PM
> **Deleted:** INSERT TOLL FREE TELEPHONE NUMBER AND WEBSITE AT FOOTER

**Exclusion Request – Henderson Settlement Administrator**
**Receive No Settlement Benefits**

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Henderson* case.

You must mail your Exclusion Request so that it is received no later than **May 25, 2015**, to:

<del>Henderson v. Acxiom Risk Mitigation, Inc.</del>
Exclusion Request
c/o American Legal Claims Services, LLC
P.O. Box 23648
Jacksonville, FL  32241-3648

[Comment 4/6/15 12:52 PM — Deleted: Exclusion Requests – *Henderson* Settlement Administrator [SETTLEMENT ADMINISTRATOR]]

**Exclusion Request - *Henderson* Settlement Administrator**

FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU DO NOT NEED TO RETURN THIS FORM.

\_\_\_\_ I am opting out of the Settlement in *Henderson v. Acxiom Risk Mitigation, Inc.*, *et al.*, No. 3:12cv589.

Full name: _____

Current address: _____

Phone number: _____

Last Four Digits of SSN:

Signature:

24663488v2

7

**Toll Free: (800) 323-5267; www.armclassaction.com**

[Comment 4/6/15 12:49 PM — Deleted: INSERT TOLL FREE TELEPHONE NUMBER AND WEBSITE AT FOOTER]