DRAFT
April 7, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
CHARLES TAYLOR, and
WILLIAM WILES,

      Plaintiffs,

v.                                     Civil Action No. 3:12cv589-REP

ACXIOM RISK MITIGATION, INC.,
ACXIOM CORPORATION, and
ACXIOM INFORMATION SECURITY
SERVICES, INC.,

      Defendants.

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on a Motion by Plaintiffs, Tyrone Henderson, Charles Taylor, and William Wiles, with the consent of Defendants, Acxiom Risk Mitigation, Inc. ("ARM"), Sterling Infosystems-Ohio, Inc. ("Sterling-OH") (formerly known as Acxiom Information Security Services, Inc. ("AISS")), and Acxiom Corporation ("Acxiom Corp.") (collectively, the "Parties"), for Preliminary Approval of the Class Action Settlement Agreement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Settlement Agreement ("Agreement") that the Court has reviewed, and the Court finds that it is just and proper that the Agreement be approved.

Based upon the Agreement, the record and exhibits herein, and it appearing to the Court upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held on June 25, 2015 at 1:30 p.m. after mailed notice to the Class Members, to confirm that the proposed settlement is fair,

reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

It is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto for purposes of settlement only.

2. Class Members: For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified as a class action on behalf of the following class of consumers (hereinafter referred to as the "Class Members"):

- The "Settlement Class" means all consumers for whom AISS or Sterling-OH issued a consumer report from August 16, 2007 through May 1, 2013: (a) that was requested by an employer or prospective employer for employment purposes and included public record information that could potentially have an adverse effect upon a consumer's ability to obtain employment; or (b) that the consumer disputed to AISS or Sterling-OH; or (c) that was requested by an employer or prospective employer that was or sought to become a vendor for Allstate Corporation. Based on the records maintained by AISS and/or Sterling-OH, the Settlement Class is expected to consist of approximately 461,925 separate consumers.

- The "Dispute Settlement Sub-Class" means all consumers who are members of the Settlement Class and who also submitted a dispute to AISS or Sterling-OH from August 16, 2007 through May 1, 2013. Based on the records maintained by AISS and/or Sterling-OH, this class will consist of approximately 21,537 consumers.

> Leonard Bennett 4/7/15 11:47 PM
> **Deleted:** ; all as respectively defined in Counts I, II, and III of the Amended Class Complaint

> Leonard Bennett 4/7/15 11:47 PM
> **Deleted:** , as defined in Count II of the Amended Class Complaint

3. Class Representative and Class Counsel: For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies the named Plaintiffs as the Class Representatives. The Court preliminarily approves Consumer Litigation Associates, P.C., Francis & Mailman, Caddell & Chapman, and The Law Office of Dale W. Pittman, P.C., and their respective attorneys, including as listed on the operative Complaint, as Class Counsel. This Court preliminarily finds that Class Counsel have and will fairly and adequately represent the interests of the Class Members. Plaintiffs and Class Counsel, on behalf of the Class

Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

4. Preliminary Class Certification:  For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the proposed Settlement Class, namely:

- The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Class Members, which predominate over any individual questions;

- The claims of the named Plaintiffs are typical of the Class Members;

- Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

5. For settlement purposes only, the Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of probable approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.  This finding is subject to further consideration at the Final Fairness Hearing.

6. The Third-Party Class Action Administrator:  Class Counsel will hire a third party administrator (the "Settlement Administrator") to assist in the administration of the settlement and the notification to Class Members.

7. The Court appoints American Legal Claim Services, LLC as Settlement Administrator. The costs and expenses for the Settlement Administrator shall be paid subject to the terms of the Agreement.

8. The Settlement Administrator will be responsible for mailing the approved class action notices and claim forms to the Class Members. A separate checking account (hereafter "the Settlement Fund") will be established by the Settlement Administrator for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks. The Settlement Fund shall total Twenty Million Eight Hundred Thousand Dollars and No Cents ($20,800,000.00) and shall be funded under the terms of the Agreement. The settlement checks shall issue from that Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

9. The Settlement Administrator is hereby authorized to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

10. Notice: The Court approves the form and substance of the written notices previously submitted to the Court. This Court finds that the proposed methods of Class Notice fully satisfy the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable laws, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. This Court approves the form and content of the Notices, as attached as Exhibits B through C to the Agreement. The Settlement Administrator is authorized to take the actions set forth in Section IV of the Agreement for purposes of facilitating notice.

11. This Court approves the form and content of the Claim Form, attached as Exhibit D to the Agreement.

12. The Court approves the claims procedures set forth in Sections IV and XIII of the Settlement Agreement. To be treated as valid, Claim Forms must be submitted electronically or postmarked no later than fourteen (14) days following Final Approval.

13. The Final Fairness Hearing shall take place before the Honorable Robert E. Payne on June 25, 2015 at 1:30 p.m. at the United States District Court, Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable and adequate as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any service award that may be awarded to Plaintiffs, as provided for in the Agreement. The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

14. Subject to final approval after the Final Fairness Hearing, all Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement. To be valid, a request for opt-out exclusion must be personally signed and sent to the Settlement Administrator, and it must include: (i) the name, address, telephone number, and the last four digits of the class member's Social Security number; (ii) a sentence stating that he or she is in a Settlement Class; and (iii) the following statement: "I request to be excluded from the class settlement in *Tyrone Henderson, et al.*, United States District Court, Eastern District of Virginia, Case No. 3:12-cv-589-REP." No person within the Settlement Class, or any person acting on behalf of or in

concert or participation with that person, may exclude any other person within the Settlement Class from the Settlement Class. In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class involving more than one consumer be considered valid opt-outs. Opt-out requests must be postmarked to the Settlement Administrator no later than thirty (30) days before the Final Approval Hearing.

15. Any Class Member who has not previously opted-out in accordance with the terms of Paragraph 14 above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiffs. However, no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files it with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the objection so that it is received by Counsel and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing. (However, objections to the Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion.) Copies of all objection papers must be sent to the following addresses:

| | |
|---|---|
| David N. Anthony<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point<br>Richmond, VA 23219<br>Telephone: (804) 697-1200<br>Facsimile: (804) 698-1339<br>david.anthony@troutmansanders.com | Charles K. Seyfarth<br>LECLAIR RYAN PC<br>Riverfront Plaza - East Tower<br>951 E Byrd Street – 8th Floor<br>Richmond, VA 23219<br>Telephone: (804) 916-7159<br>Facsimile: (804) 916-7259<br>charles.seyfarth@leclairryan.com |
| Michael A. Caddell<br>CADDELL & CHAPMAN<br>1331 Lamar, Suite 1070<br>Houston, TX 77010<br>Telephone: (713) 751-0400<br>Facsimile: (713) 751-0906<br>mac@caddellchapman.com | Henderson v. Acxiom Risk Mitigation, Inc.<br>Settlement Objection<br>c/o American Legal Claim Services, LLC<br>P.O. Box 23648<br>Jacksonville, FL 32241-3648 |

All objections must include: (1) the objector's name, address and telephone number; (2) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the Settlement; (4) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (5) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The written objection must indicate whether the class member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing.

In addition, any Settlement Class Member who is represented by counsel for the purpose of objecting to the settlement shall provide a list—including the full style and case number—of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. Such an objecting Settlement Class Member must also attach to his or her objection copies of any objections submitted in any court in the United States in the previous five years. If such an objecting Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she, or it shall affirmatively so state in the objection.

Objections that do not comply with these requirements will not be considered by the Court, may be deemed waived, and the failure to comply may deprive objectors of standing to appeal any decisions relating to the settlement.

No later than twenty-five (25) days before the Final Fairness Hearing, the Settlement Administrator shall file indexed copies of any objections via the Court's "ECF" system. To the

extent necessary or desired, the Parties may respond to any properly filed objections no later than ten (10) days before the Final Fairness Hearing.

16. All proceedings in this Lawsuit are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

17. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members and any person or entity allegedly acting on behalf of any Class Member, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims (as defined in the Agreement); provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 14 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and it is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18. If the Settlement Agreement is terminated or is not consummated under the terms set forth therein, the preliminary certification of the Settlement Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

19. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement

Agreement or the terms of this Order, or by Defendants in connection with any action asserting any claim of release.

20. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Class.

The Clerk is ordered to send a copy of this Order to all counsel of record.

ENTERED this \_\_\_\_ day of _____ 2015.

_____
Hon. Robert E. Payne
Senior United States District Judge

24663541v3