## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **TYRONE HENDERSON,** | ) | |
| **CHARLES TAYLOR, and** | ) | |
| **WILLIAM WILES,** | ) | |
| on behalf of themselves and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 3:12-cv-00589-REP** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ACXIOM RISK MITIGATION, INC.,** | ) | **CLASS ACTION** |
| **ACXIOM INFORMATION SECURITY** | ) | |
| **SERVICES, INC., and** | ) | |
| **ACXIOM CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF LEONARD A. BENNETT IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Leonard A. Bennett, declare as follows:

1.      I am an attorney admitted to practice before this Court and one of the attorneys representing Plaintiffs Tyrone Henderson, Charles Taylor, William Wiles and the proposed settlement class in this litigation under the Fair Credit Reporting Act (FCRA).

2.      I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. 84).

3.      The parties seek to hire the firm of American Legal Claims Services, LLC ("ALCS") as the settlement administrator in the event the Court grants preliminary approval of the class settlement.

4.     Plaintiff chose ALCS as settlement administrator following an extensive review of five different bids for the position of settlement administrator.  In addition to a detailed bid submitted by ALCS, we received and reviewed bids from RG/2 Claims Administration LLC ("RG/2"), KCC Class Action Services, LLC ("KCC"), Heffler Claims Group ("Heffler") and McGladrey LLP ("McGladrey").  Counsel for the parties had worked with these potential class administrators before and believed that they might be suitable administrators for the proposed class settlement in this case, given their experience as well as the complexities and expected administration issues for this potential class settlement.

5.     A detailed request for proposal ("RFP") was sent to each of the foregoing class action settlement administrators on December 30, 2014.  The RFP explained the terms of the settlement, including the expected size of the settlement class; a settlement fund with two discrete components (common fund and actual damages fund); the manner of giving notice to the class; the claims process, including the assessment and screening of the validity of filed claims; the establishment and maintenance of a class settlement website; the establishment of a telephone system including a voice response unit to respond to questions from class members; preparing the necessary declarations of compliance to be filed with the court; coordinating and mailing the notice required by the Class Action Fairness Act; disbursing funds; preparing any related tax forms; and, completing any other necessary tasks.

6.     Responses to the RFP were received on January 27, 2015 from each administrator.  (For reasons of confidentiality, business advantage, and the mutual understanding of all of the involved parties at the time that such RFPs were solicited, I have not attached to the responses to the RFPs to this Declaration.  If requested, however, the RFP responses can be provided to the Court for review in the manner of its choosing.)

7.      Counsel for the parties fully reviewed and evaluated the responses received from each administrator. The responses relied upon different assumptions, including assumptions regarding claims rates and different manners of mailing notices and distribution of checks to claimants.  These differing assumptions necessarily affected the cost estimates submitted by the administrators.  As a result, a straightforward "apples to apples" comparison of the responses and cost estimates was not possible.

8.      The five responses estimated costs for settlement administration that ranged from just under $600,000 to $884,000.

9.      The lowest and second-lowest estimates were rejected because counsel believed the assumptions built into those estimates were not realistic, and also because they provided an estimate based on "discounted" forms of mailing (that accounted for the great majority of the proposed cost savings), which the parties agreed was not sufficient to obtain the type of timely and reliable notice required under the class settlement agreement, and which would not result in a returned mailer if there were problems with delivery of the class notice (which is incompatible with the terms of the proposed class settlement agreement).

10.     The highest estimate was rejected due to the cost, which was over $100,000 more expensive than the other RFP responses received.

11.     The other two estimates were very comparable in price (approximately 5%), but ALCS was viewed as having more relevant and extensive experience for this proposed class settlement.

12.     In addition to providing a highly-competitive bid, upon further negotiation, ALCS agreed to handle all services involved in class settlement administration for a capped amount of $747, 939.

13.     Given all the factors under consideration, counsel for all parties agreed to choose ALCS for the class settlement administration services in this case.

14.     ALCS has significant experience in administering complex class action settlements in this District and others.  ALCS has administered over 200 cases that in total involved over 30 million claims and distributions in excess of $3 billion.  In particular, and weighing in favor of their selection by the parties, ALCS has administered many other consumer cases including under the FCRA and in this District: *Marcum v. Dolgencorp, Inc., a/k/a Dolgencorp, LLC a/k/a Dolgen, LLC, d/b/a Dollar General; Henderson v. Allied Barron Security Services, LLC, d/b/a HR PLUS;* and, *Milbourne v. JRK Residential America, LLC.*

15.     Counsel for the parties have worked with ALCS in the administration of previous class action settlements and have firsthand experience with their expertise.  Counsel believe that the settlement class in this case would be well-served by ACLS's administration of the class settlement.

16.     ALCS, through its Senior Vice-President for Class Action Services, is willing to appear at the hearing on preliminary approval in this matter, in person or by telephone conference call, to address any questions or concerns that the Court might have concerning the services to be provided as settlement administrator.

17.     I have further investigated the Court's inquiries regarding (a.) the expense of using Towne Bank for the settlement fund escrow account, and (b.) the dollar cost or benefit of using a non-interest bearing account for this settlement structure.  I have confirmed that Towne Bank would not charge fees regardless of whether or not the escrow account is interest bearing.  Further, after discussions and a review of detailed calculations and spreadsheets from Benny Davis, our principal contact with ALCS and another administrator, I am convinced that the cash benefit to the class of retaining the undisbursed settlement funds in an interest bearing account is negligible or non-existent.   The interest

4

earned would be less substantial because most of the settlement fund will be disbursed within days or weeks of receipt, because administrative expenses would be greater and because the accounting and tax expenses would offset any modest net receipts.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated:  April 6, 2015                                    */s/ Leonard A. Bennett*
                                                         LEONARD A. BENNETT

Leonard A. Bennett (VSB #37523)
Matthew Erausquin
**CONSUMER LITIGATION ASSOCIATES P.C.**
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662