UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TYRONE HENDERSON, CHARLES TAYLOR, and WILLIAM WILES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:12cv589 (REP) |
| ACXIOM RISK MITIGATION, INC., *et al.* | ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
TO MODIFY FINAL ORDER AND JUDGMENT AND TO ENLARGE TIME TO MAIL
SETTLEMENT FUNDS TO ACTUAL DAMAGES CLASS MEMBERS**

Plaintiffs, Tyrone Henderson, William Wiles, and Charles Taylor; and Defendants, Sterling Infosystems-Ohio, Inc., formerly known as Acxiom Information Security Services, Inc.; Acxiom Identity Solutions, LLC, formerly known as Acxiom Risk Mitigation, Inc., and Acxiom Corporation (collectively, the "Parties"), by counsel, state as follows for their Joint Motion to Modify Final Order and Judgment and to enlarge time to mail Settlement Funds to Actual Damages Class Members.

1. In August 2015, this Court granted final approval to the Parties' Class Action Settlement Agreement. (Dkt. No. 117.) A copy of the final and approved Settlement Agreement can be located at Dkt. No. 95-1.

2. The Settlement Agreement established two separate settlement funds. The first was a statutory damages fund in the amount of $13,265,691.25, which was to be divided among approximately 461,000 class members. (Dkt. No. 95-1, ¶¶ 1.2; 8.1.2.)

3. The second fund was an actual damages fund in the amount of $546,369.75. *Id.* The actual damages fund was made available to those members of a smaller actual damages sub-

class who submitted a valid claim form during the administration process. *Id.* Those class members would be eligible for a payment from the actual damages fund, with a maximum individual recovery of $5,000 per consumer. *Id.* A total of 1,245 consumers submitted a valid actual damages claim to the class administrator and are now awaiting payment.

4. Moreover, under the terms of the Settlement Agreement, the $546,369.75 actual damages fund was to be supplemented by the amount of any checks that were sent to the members of the statutory damages class members, but that went un-cashed. *Id.*

5. After undertaking a multistep process to confirm mailing addresses, the statutory damages checks were sent to the statutory damages class members in October 2015. By agreement of the Parties and the recommendation of the Class Administrator, the Class Administrator has continued to accept and pay otherwise stale statutory damage checks. Given the trickle of new tenders and its expertise generally, the Class Administrator estimates that less than 3,000 additional statutory damage checks will ever be tendered.

6. However, the Parties and the Class Administrator estimate that due to a larger than expected balance of uncashed statutory damages checks, there will be an undistributed excess balance of approximately $ 2.48 million dollars after paying all actual damage claimants the $ 5,000 payment ceiling negotiated in the Settlement Agreement and approved by the Court.

6. The payment to the members of the actual damages class is due to be sent by February 4, 2016. And, under the terms of the Settlement Agreement, that $2.48 million overage will revert to *cy pres*. (Dkt. No. 95-1, ¶ 8.9.2.) None of the parties desire such a *cy pres* distribution of that size when the funds could otherwise flow to the class members. For that reason, the parties have sought this relief and also sought to stay the mailing of the actual damages checks until the issue is resolved.

7. The Parties ask the Court to approve their proposed solution as follows. They ask to raise the actual damages cap from $ 5,000 to $ 8,000. They estimate that the actual damage payment amount will be approximately $ 7,100. This would permit the distribution to those class members who claimed actual damages and maximize the aggregate amount paid to the class by reducing additional expenditures on postage, printing, and administration. Nearly all of the remaining settlement fund would be liquidated and provided to class members and the distribution would not be further delayed. That process would allow the consummation of the administration process along the same general timeframe and process envisioned by the approved Settlement Agreement.

8. The alternative the Parties considered, but do not advocate, is to distribute the remaining balance in a second mailing to statutory damage class members who cashed their first check. This would provide a net second payment of approximately $ 13.37 per class member. However, it would add substantial new uncertainty and expense. Postage, printing and administration would increase by nearly $ 180,000. And even with that mailing, a meaningful balance of uncashed second checks will remain. That process would cause a several month delay in the distribution of the actual damages funds..

## CONCLUSION

For the reasons above, the Parties request that the Court: (1) approve the Parties' proposed increase in the actual damage payment ceiling from $ 5,000.00 to $ 8,000.00; (2.) ; (2) enlarge the time for mailing of the actual damages settlement fund to a date two weeks after the Court's entry of an Order resolving this motion; and (3) grant them such other and further relief as may be appropriate.

                                                  Respectfully submitted,

                                                  TYRONE HENDERSON
                                                  CHARLES TAYLOR

WILLIAM WILES

STERLING INFOSYSTEMS-OHIO, INC., Formerly known as Acxiom Information Security Services, Inc.

ACXIOM IDENTITY SOLUTIONS, LLC, Formerly known as Acxiom Risk Mitigation, Inc. and ACXIOM CORPORATION

/s/_____
Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA  23601
Telephone:  (757) 930-3660
Facsimile:   (757) 930-3662
Email:  lenbennett@clalegal.com
Email:  srotkis@clalegal.com

Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
Telephone:  (703) 273-7770
Facsimile: (888) 892-3512
Email: matt@clalegal.com

Dale Wood Pittman, Esq.
112-A W Tabb St
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
Email: dale@pittmanlawoffice.com

James A. Francis, Esq.
David A. Searles, Esq.
FRANCIS & MAILMAN PC
100 S Broad Street, 19th Floor
Philadelphia, PA  19110
Telephone: 215-735-8600
Email: jfrancis@consumerlawfirm.com
Email: dsearles@consumerlawfirm.com

Christopher C. North, Esq.
751-A Thimble Shoals Blvd.
Newport News, VA 23606

Telephone: (757) 873-1010
Email: cnorthlaw@aol.com

Michael A. Caddell, Esq.
CADDELL & CHAPMAN
1331 Lamar St, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
mac@caddellchapman.com

*Counsel for Plaintiffs*


/s/_____
Charles K. Seyfarth (Va. Bar No. 44530)
LeCLAIRRYAN, A Professional Corporation
Riverfront Plaza – East Tower
919 East Main Street, Twenty-Fourth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile:  (804) 916-7259
Charles.Seyfarth@leclairryan.com

Megan S. Ben'Ary (Va. Bar No. 47349)
LeCLAIRRYAN, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5983
Megan.Benary@leclairryan.com

*Counsel for Defendant, Sterling InfoSystems-Ohio,*
*formerly known as Acxiom Information Security Services, Inc.*

/s/_____
David N. Anthony (VSB No. 31696)
Alan D. Wingfield (VSB No. 27489)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
david.anthony@troutmansanders.com
alan.wingfield@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants, Acxiom Identity Solutions, LLC, formerly known as Acxiom Risk Mitigation, Inc. and Acxiom Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February 2016, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to all counsel of record, including:

>Charles K. Seyfarth, Esq.
>LeClair Ryan PC
>Riverfront Plaza - East Tower
>951 E Byrd St
>Richmond, VA 23219
>Telephone: (804) 916-7159
>Facsimile: (804) 916-7259
>charles.seyfarth@leclairryan.com
>
>Megan S. Ben'Ary, Esq.
>LeClair Ryan PC
>2318 Mill Road. Suite 1100
>Alexandria, VA 22314
>Telephone: (703) 647-5933
>Facsimile: (703) 647-5983
>megan.benary@leclairryan.com
>
>*Counsel for Sterling Infosystems-Ohio, Inc, formerly known as Acxiom Information Security Services, Inc.*
>
>Alan D. Wingfield (VSB No. 27489)
>David N. Anthony (VSB No. 31696)
>Timothy J. St. George (VSB No. 77349)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-1200
>Facsimile: (804) 698-1339
>alan.wingfield@troutmansanders.com
>david.anthony@troutmansanders.com
>tim.stgeorge@troutmansanders.com
>
>*Counsel for Defendants, Acxiom Corporation and Acxiom Risk Mitigation, Inc.*

/s/ Leonard A. Bennett